# In the United States Court of Federal Claims

No. 16-370T
(Filed January 13, 2017)
NOT FOR PUBLICATION

FILED
JAN 1 3 2017
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
                                            *
BEATRICE ROBINSON,                          *
                                            *
                Plaintiff,                  *
                                            *
        v.                                  *
                                            *
THE UNITED STATES,                          *
                                            *
                Defendant.                  *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

In her complaint, plaintiff Beatrice Robinson appears to object to the Internal Revenue Service's (IRS) conduct with respect to her unpaid tax liability for the tax year 1999. Compl. at 1–2. It seems Ms. Robinson is claiming that a lien on her property should have been released after the expiration of the statute of limitations. *Id.* She also refers to a levy which she presumably alleges to be improper as well. *Id.* Plaintiff also claims that the IRS has failed to provide her with a hearing, adhere to its own regulations, and respond to her communications. *Id.* at 2. She alleges that this pattern amounts to fraud. *Id.* at 1–2. Plaintiff asserts that she has suffered emotional and financial harm as a result of the IRS's collection activities. *Id.* at 2.

The government has filed a motion to dismiss Ms. Robinson's complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), contending that her claims are outside of our subject-matter jurisdiction. Defendant claims that, to the extent her complaint is construed as requesting a refund, we lack jurisdiction over that refund request because she has failed to pay her tax liability. Def.'s Mot. at 1–2, 5–6. It notes that she has likewise failed to allege that she made a timely refund request. *Id.* at 6. The government also argues that, to the extent that plaintiff is complaining about unlawful collection activities, such claims are either tortious in nature --- and thus not within our subject-matter jurisdiction under 28 U.S.C. § 1491(a)(1) --- or governed by 26 U.S.C. § 7433(a),

7014 1200 0000 9093 6309

which provides federal district courts with exclusive jurisdiction over claims against the United States for certain unlawful collection activities. *Id.* at 4–5. Plaintiff has not responded to the government's motion to dismiss this case, which would itself be a sufficient a reason for dismissal of the case for failure to prosecute under RCFC 41(b). In light of the fact that Ms. Robinson is representing herself in this matter, however, the Court will take the extra step of considering the government's motion on its merits, and for this purpose will presume all of the allegations in the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, (2009).

The government is correct that, to the extent that plaintiff seeks damages resulting from allegedly improper collections activities, such a claim is not within our court's subject-matter jurisdiction. Whether these activities are viewed as torts, or as conduct actionable under 26 U.S.C. § 7433(a), Congress has not given this court jurisdiction over such matters. The Tucker Act limits our jurisdiction to matters not sounding in tort, and 26 U.S.C. § 7433(a) assigns jurisdiction to the district courts alone.† Even if Ms. Robinson's complaint is construed liberally as seeking a tax refund, she has not alleged that she paid the relevant tax liability, which is a jurisdictional requirement under the Tucker Act. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Such a refund claim would, in any event, have to be dismissed for want of subject-matter jurisdiction, as Ms. Robinson has not alleged that she filed a refund request with the IRS. *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) (noting that a timely refund claim is a jurisdictional prerequisite to a suit in the Court of Federal Claims).

For the foregoing reasons, the motion to dismiss this case for lack of subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

† Another provision, applicable specifically to actions for damages stemming from the improper failure to release a tax lien, also assigns exclusive jurisdiction to the district courts. *See* 26 U.S.C. § 7432.